**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROSA CONCEPCION,

               Plaintiff,

         v.

SILVER LINE BUILDING PRODUCTS
*et al.*,

               Defendants.

Civil Action No. 21-17920 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court on Defendant Silver Line Building Products, LLC's ("Silver Line") Motion to Dismiss Plaintiff Rosa Concepcion's ("Concepcion") Complaint. (ECF No. 5.)  Concepcion opposed (ECF No. 8), and Silver Line replied (ECF No. 12). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Silver Line's Motion.[1]

## I.    BACKGROUND

      Until September 2019, Concepcion worked at Silver Line and did so for over twenty years. (Compl. ¶¶ 7, 13, ECF No. 1.) Presumably a window manufacturer, Silver Line employed

---

[1] It appears that Silver Line incorrectly pled its LLC citizenship, providing its state of incorporation and principal place of business rather than the citizenship of its member. (Notice of Removal ¶¶ 5, 8, ECF No. 1. *But see Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("[A]ll of the LLC's members 'must be diverse from all the parties on the opposing side.'").) Nevertheless, at this juncture, the Court is satisfied that the parties are diverse and that it has subject matter jurisdiction. (*See* Corporate Disclosure Statement, ECF No. 2.) Should Concepcion file an amended complaint, Silver Line shall submit correspondence providing its member's citizenship.

Concepcion as a line worker since 1999.[2] (*Id.* ¶ 6.) While at Silver Line, Concepcion had no negative performance reviews or disciplinary writeups. (*Id.* ¶ 7.) At the time of filing suit, Concepcion was 63 years old. (*Id.* ¶ 5.)

The core of this case stems from an incident that occurred on September 20, 2019. (*Id.* ¶ 8.) Concepcion alleges that she was waiting in line to punch out of work when a male coworker, Ramon, "walked over to her and grabbed her left arm, squeezing it tightly."[3] (*Id.*) While being accosted and attacked, Concepcion started yelling to be released and Ramon responded by calling her a "fresh old woman." (*Id.* ¶ 9.) He then let her go. (*Id.*) From this altercation, Concepcion alleges suffering significant injuries, including injuries to her neck, shoulder, and back, along with "multiple disc herniations in her back and neck." (*Id.* ¶ 10.) The Complaint does not allege what started the altercation or who was present.

Concepcion reported the altercation to Human Resources but the company "sided with the male coworker that had accosted her," suspended Concepcion during an investigation into the altercation, and requested that she turn in her work badge pending the investigation. (*Id.* ¶¶ 11-12.) As a result, Concepcion filed a grievance through her union. (*Id.* ¶ 13.) Ten days after the altercation, Silver Line terminated Concepcion. (*Id.*) Ramon, who had been with the company for only three years and who was 40 years old at the time of the altercation, was not terminated. (*Id.* ¶ 14.) The Complaint does not allege what happened to the union grievance, what was said by Human Resources, the purported reason that Silver Line gave when terminating Concepcion, or what else occurred before her termination.

---

[2] Concepcion's factual allegations in her Complaint provide little by way of background information regarding Silver Line or the events at issue in this suit. (*See id.* ¶¶ 1-14.)

[3] Ramon does not have a surname in the Complaint. (*See generally id.*)

Concepcion sued Silver Line in New Jersey state court for (1) age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"); (2) disability discrimination in violation of NJLAD, as well as failure to accommodate; and (3) workers' compensation retaliation. (*Id.* ¶¶ 15-29.) Silver Line removed the action to this Court and subsequently moved for dismissal on all counts. (ECF No. 5.)

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a

---

[4] Hereafter all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   <u>DISCUSSION</u>

Silver Line moves to dismiss Concepcion's three counts, arguing that each is insufficiently pled as a matter of law. The Court examines each in turn.

### A.   **Concepcion Fails to Plead Age Discrimination.**

Concepcion's first claim is premised on age discrimination in violation of NJLAD. (Compl. ¶¶ 15-18.) To adequately state a claim, Concepcion must plead facts that "demonstrate (1) that she belongs to a protected class, (2) that she was qualified for the position held, (3) that she was terminated despite adequate qualifications, and (4) a logical basis on which to find that [Silver Line's] decision to terminate her was affected significantly by her age." *Arenas v. L'Oreal USA Prods., Inc.*, 790 F. Supp. 2d 230, 236 (D.N.J. 2011). As to the last element, "[t]he New Jersey Supreme Court interpreted this to mean . . . whether the plaintiff has established a logical reason to believe the decision rests on a legally forbidden ground, not whether the replacement is a member of the protected class." *Bergen Com. Bank v. Sisler*, 723 A.2d 944, 956 (N.J. 1999) (quoting *Murphy v. Milwaukee Area Tech. Coll.*, 976 F. Supp. 1212, 1217 (E.D. Wis. 1997)). Plaintiff must meet the "slight" and "rather modest" burden of "demonstrate[ing] . . . she can meet each of the elements of the *prima facie* case." *Cronin v. Booz Allen Hamilton, Inc.*, No. 18-12642, 2021 WL 1712346, at *8 (D.N.J. Apr. 30, 2021) (first quoting *Zive v. Stanley Roberts, Inc.*, 867 A.2d 1133, 1139 (N.J. 2005); then citing *Victor v. State*, 4 A.3d 126, 141 (N.J. 2010)). Should plaintiff establish a *prima facie* case, the claim proceeds under the well-established *McDonnell Douglas* framework. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973)).

At this stage, the Court cannot advance past Concepcion's *prima facie* case because it finds insufficient facts to support the fourth element. That is, the Complaint fails to present facts that allow for a logical bridge between her age and her termination. For one, the Complaint, containing only nine paragraphs of substantive information, provides as supporting facts merely that Concepcion is 63 years old, that her younger coworker called her an "old woman," and that the younger coworker was not terminated. (*See* Compl. ¶¶ 5-14.) Even accepting all this as true, "[t]he complaint is completely devoid of any factual allegations from which it can be reasonably inferred that discriminatory motivation on the part of [Silver Line] existed." *Sangi v. Warren Hosp.*, No. 10-4571, 2011 WL 4857933, at *2 (D.N.J. Oct. 11, 2011). It is not enough to show that Concepcion was both in a protected class and terminated—she must "plead facts that warrant an inference that Plaintiff was subject to such actions *because of* her age." *Id.* (emphasis added); *Foy v. Wakefern Food Corp.*, No. 09-1683, 2010 WL 147925, at *4 (D.N.J. Jan. 7, 2010) ("A mere allegation that an adverse employment action was motivated by age, without more, is exactly the type of broad conclusory allegation which the Supreme Court has found insufficient.").

To that end, Concepcion's only factual allegation attributable to Silver Line is that the younger employee she quarreled with kept his job. (Compl. ¶ 14.) There are no facts pled in the Complaint from which the Court can infer that Silver Line endorsed Ramon's age-related comment or that the company factored it into Concepcion's termination. *See Nuness v. Simon & Schuster, Inc.*, 221 F. Supp. 3d 596, 603 (D.N.J. 2016) ("In New Jersey, an employer is liable for a co-worker's harassing conduct only if 'management-level employees knew, or in the exercise of reasonable care should have known, about the campaign of harassment.'" (citation omitted)). Even under the lenient Rule 12(b)(6) standard, this fact fails to carry the day. Considering the above, to survive the motion to dismiss, Concepcion would need the Court to rely on her legal conclusions

and speculation, which it cannot do. (*See, e.g.*, Compl. ¶ 18 ("Plaintiff's employment with defendant was terminated on account of her age in violation of the LAD.").) Without more, the Court dismisses this count without prejudice.[5]

   **B.   Concepcion Fails to Plead Disability Discrimination.**

   Next, the Court considers Concepcion's claim that Silver Line discriminated against her based on her disability or perceived disability or failed to accommodate her disability under NJLAD. This claim fails under all three theories.

   Concepcion may prove disability discrimination in her termination either directly or indirectly under NJLAD. *Grande v. Saint Clare's Health Sys.*, 164 A.3d 1030, 1038 (N.J. 2017). For direct evidence, Concepcion must provide facts that logically give rise to an inference that Silver Line "placed substantial reliance on a proscribed discriminatory factor in making its decision to terminate [her]." *Id.* (citing *Smith v. Millville Rescue Squad*, 139 A.3d 1, 13 (N.J. 2016)). Should she attempt to prove her case indirectly, she must allege that (1) she is a member of a protected class, that is, disabled or perceived to be disabled; (2) she "was otherwise qualified and performing the essential functions of the job"; (3) she was terminated; and (4) "the employer thereafter sought similarly qualified individuals for the job who were not members of [her] protected class." *Taylor v. Lincare, Inc.*, No. 15-6284, 2016 WL 3849852, at *3 (D.N.J. July 15, 2016) (quoting *Joseph v. N.J. Transit Rail Operations Inc.*, 586 F. App'x 890, 892 (3d Cir. 2014)). As to Concepcion's failure-to-accommodate claim, she must allege that "(1) [she] had a disability; (2) [she] was able to perform the essential functions of the job; (3) [Silver Line] was aware of the

---

[5] It does not appear that Concepcion alleges either a terminate-and-replace scenario or a reduction-in-force scenario where a "sufficiently younger," "similarly-situated employee" took her place. *Arenas*, 790 F. Supp. 2d at 236. Should that be the case, the Complaint lacks information as to whether Concepcion was indeed "replaced" or any other allegations supporting these theories, other than Ramon's age and that he was retained. *Id.*

basic need for an accommodation; and (4) [Silver Line] failed to provide a reasonable accommodation." *Royster v. N.J. State Police*, 152 A.3d 900, 910 (N.J. 2017).

The Achilles' heel of Concepcion's theories is that she fails to plead facts alleging that Silver Line knew she was disabled or perceived to be disabled.[6] *Taylor*, 2016 WL 3849852, at *4 ("In fact, [p]laintiff does not even allege that his employer knew he was disabled."). Of course, Silver Line's knowledge of Concepcion's disability would be a prerequisite for it to discriminate on that basis. *See Linder v. McKesson Corp.*, No. 14-1821, 2014 WL 2587501, at *3 (D.N.J. June 10, 2014) (finding complaint "lacks sufficient factual detail so as to create an inference" that the employer knew employee was "disabled, or perceived her to be disabled, and terminated her on that basis."). To be sure, even if the Court infers from the Complaint that Silver Line knew of Concepcion's *injuries*, under NJLAD, having a "medical condition" alone does not notify an employer of a disability. *Id.* Even more dispositive, Concepcion "pled no facts that suggest that [s]he was terminated under circumstances that give rise to an inference of unlawful discrimination." *See Taylor*, 2016 WL 3849852, at *4. As to indirect facts suggesting discrimination, Concepcion fails to allege that Silver Line hired a similarly qualified individual without a disability as her replacement. *See Taylor*, 2016 WL 3849852, at *4 ("Plaintiff makes no allegations at all regarding whether [employer] sought to hire anyone to replace him, let alone that

---

[6] Concepcion's Complaint provides only a vague reference to her "significant injuries to her neck, shoulder and back," including disc herniations, as the basis for her disability. (Compl. ¶ 10.) But not all physical injuries rise to a level of being disabled under New Jersey law. *See* N.J. Stat. Ann. § 10:5–5(q) (defining "disability" as a "physical disability, infirmity, malformation or disfigurement which is caused by bodily injury . . . which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination . . . physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device. . . ."). In any event, considering that "the [NJ]LAD is deserving of a liberal construction, especially with regard to handicaps," and its "very broad" statutory definition, the Court finds the pleadings sufficiently demonstrate disability. *Enriquez v. W. Jersey Health Sys.*, 777 A.2d 365, 374 (N.J. App. Div. 2001) (citation omitted).

it sought similarly qualified individuals who were not disabled."). Thus, without any facts supporting direct or indirect theories of disability discrimination, the Complaint is left with only a conclusory statement that Concepcion was fired for a discriminatory reason. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997) ("[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice to [overcome] a motion to dismiss." (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993))).

Relatedly, the same flaw undermines Concepcion's failure to accommodate claim. NJLAD accommodation law requires that both the employee be disabled and the employer be aware of that disability. *See Royster*, 152 A.3d at 910. Although Concepcion need not make a formal, written request for an accommodation or use the phrase "reasonable accommodation," she nonetheless must put Silver Line on notice that she is seeking assistance for her disability. *McQuillan v. Petco Animal Supplies Stores, Inc.*, No. 13-5773, 2014 WL 1669962, at *6 (D.N.J. Apr. 28, 2014) ("While there are no magic words to seek an accommodation, the employee, however, 'must make clear that . . . assistance [is desired] for his or her disability.'" (alteration in original) (quoting *Jones v. United Parcel Serv.*, 214 F.3d 402, 408 (3d Cir. 2000))). That is, the employee's accommodation request is the impetus for an employer's duty to "search for [an] appropriate reasonable accommodation and to act in good faith." *Id.* (quoting *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 312 (3d Cir. 1999)). Noticeably absent from the Complaint are any facts suggesting that Concepcion requested an accommodation at all. (*See generally* Compl.) Further, if Concepcion made the request, the Complaint is void of facts concerning when and how she requested it, what the requested accommodation was, and how Silver Line responded. *Jones*, 214 F.3d at 408 ("Because there is no evidence from which a request for accommodation could be inferred, [employer] was under no legal obligation to engage in the interactive process."). At

bottom, without knowledge of the need for an accommodation, Silver Line is not liable for failing to give one. *See Conneen v. MBNA Am. Bank, N.A.*, 334 F.3d 318, 331 (3d Cir. 2003) ("[E]mployer is liable for discriminating against an employee in need of accommodation based upon the employee's *known* disability.").

The Court dismisses Count Two without prejudice.

### C.   Concepcion Fails to Plead Workers' Compensation Retaliation.

In Count Three, Concepcion pleads that she was retaliated against for exercising her rights under workers' compensation law. (Compl. ¶¶ 26-29.) Under New Jersey law, "to make a *prima facie* case for a retaliatory discharge the employee must prove: (1) that [s]he made or attempted to make a claim for workers' compensation; and (2) that [s]he was discharged in retaliation for making that claim." *Galante v. Sandoz, Inc.*, 470 A.2d 45, 47 (N.J. Sup. Ct. 1983) (citing *Lally v. Copygraphics*, 413 A.2d 960, 964 (N.J. App. Div. 1980)); *see also Mallon v. Prudential Prop. & Cas. Ins.*, 688 F. Supp. 997, 1011 (D.N.J. 1988) (applying same standard). The law was designed to deter "[t]he ability of an employer to chill the employee's exercise of [her] rights under the workers' compensation scheme through retaliatory discrimination." *Galante*, 470 A.2d at 48.

Here, too, Concepcion's claim is flawed from the launch. Nowhere in her Complaint does she allege that she filed a workers' compensation claim or intended to file a claim. (*See generally* Compl.) Worse yet, her Complaint's factual allegations fail to mention workers' compensation at all.[7] Thus, the Complaint is fatally flawed. *Iwanicki v. Bay State Milling Co.*, No. 11-01792, 2011

---

[7] The Court is unable to entertain new facts alleged in Concepcion's opposition brief to this Motion, including that she "did in fact file a [workers' compensation] claim." (Pl.'s Opp'n Br. 7, ECF No. 8. *See Schiavo v. Carney*, 548 F. Supp. 3d 437, 441 n.3 (D. Del. 2021) ("This information is not contained in the Complaint . . . and is raised for the first time in Plaintiff's opposition to the motion to dismiss. Plaintiff may not amend [her] complaint through [her] opposition brief, and these new facts may not be considered by the Court on the instant motion to dismiss.").)

WL 6131956, at *5 (D.N.J. Dec. 7, 2011) (dismissing claim where no allegation that plaintiff filed or attempted to file for workers' compensation). Nor is Concepcion's claim saved because she summarily recites the elements of the cause of action in alleging that Silver Line "terminat[ed] [her] in anticipation of or upon her filing of a workers' compensation claim . . . [and] unlawfully retaliated against [her] for her exercise or potential exercise of her rights under Workers' Compensation Law." (*Id.* ¶ 27.) "Conclusory statements accompanying '[t]hreadbare recitals of the elements of a cause of action' are insufficient." *Strategic Env't Partners, LLC v. Bucco*, 184 F. Supp. 3d 108, 124 (D.N.J. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

The Court therefore dismisses Concepcion's third count without prejudice.

## IV.    **CONCLUSION**

The Court finds that Concepcion's Complaint fails to plead any cognizable claim for age discrimination, disability discrimination, or workers' compensation retaliation. The Court therefore grants Silver Line's Motion to Dismiss. An Order consistent with this Memorandum Opinion will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE