UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA CONCEPCION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SILVER LINE BUILDING PRODUCTS, *et. al.*,<br><br>　　　　Defendants. | Civil Action No. 3:21-cv-17920 (MAS) (TJB)<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

**PARTIES AND JURISDICTION**

　　1.　　Plaintiff, Rosa Concepcion ("plaintiff" or "Ms. Concepcion"), has an address of 133 Handy Street, 2nd Floor, New Brunswick, New Jersey 08901, and at all times relevant hereto was employed by Defendant Silver Line Building Products, LLC.

　　2.　　Defendant, Silver Line Building Products, LLC ("Silver Line Windows," "defendant" or "the Company"), is a company with the principal business address of 5020 Weston Parkway, Suite 400, Cary, NC 27513, which had the plaintiff in its employ during the relevant time periods herein.

　　3.　　Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332, as the matter in controversy in this matter is more than $75,000 and complete diversity of citizenship exists given that plaintiff is a citizen of New Jersey and defendant Silver Line Building Products, LLC is a citizen of North Carolina.

1

**VENUE**

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Plaintiff is located in this judicial district, and a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

5. Ms. Concepcion is a sixty-three (63) year-old woman who began employment with Silverline Windows on or about January 12, 1999.

6. During her employment with the Company, she worked as a Line Worker.

7. In this role, Ms. Concepcion performed various tasks such as wrapping and lifting windows on an assembly line.

8. In over twenty (20) years of employment with the Company, she did not receive any negative performance reviews or write-ups.

9. On or about September 20, 2019, at approximately 3 pm, Ms. Concepcion was waiting in line to punch out of work when a male co-worker named Ramon abruptly cut in front of her in line.

10. When Ms. Concepcion asked Ramon why he cut her, he became agitated and grabbed her left arm, squeezing it tightly.

11. Ms. Concepcion responded by screaming for him to let go of her arm several times.

12. Ramon yelled at Ms. Concepcion "fresh old woman," before finally letting her go.

13. At least a dozen employees of Silver Line were present during this altercation, including Ms. Concepcion's supervisor, Jesus.

14. As a result of this incident, Ms. Concepcion suffered significant injuries to her neck, shoulder and back, including a sprain of her left shoulder and multiple disc herniations in her back and neck, for which she received medical treatment.

15. Ms. Concepcion also filed a workers' compensation claim related to the injuries she suffered as a result of this incident.

16. Ms. Concepcion reported the incident involving Ramon to Human Resources and provided a full statement of what occurred.

17. While Ms. Concepcion was meeting with Human Resources, she showed them the injuries she suffered during the assault, thereby giving Defendant further notice of her medical condition.

18. Ms. Concepcion also made it very clear that Ramon called her a "fresh old woman."

19. Following Ms. Concepcion's complaint, Human Resources inexplicably asked for her ID badge and suspended her pending an investigation.

20. On or about September 30, 2019, Ms. Concepcion received a call from Human Resources, who indicated that her employment had been terminated due to her alleged involvement in this incident.

21. The male co-worker, Ramon, who was only 40 years old and had only 3 years of experience, was retained by the Company despite assaulting Ms. Concepcion.

22. This conduct, particularly retaining a younger, non-disabled employee who was more culpable, constitutes disparate treatment.

23. Additionally, two other employees in their 60s were terminated by the Defendant around the same time as Ms. Concepcion.

24. Further, Ms. Concepcion's job responsibilities were assumed by a younger employee outside of her protected categories.

25. Defendant's reasoning for Plaintiff's termination is so weak, implausible, inconsistent and/or contradictory that a factfinder could reasonably disbelieve it.  (Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 284 (3d Cir. 2001); Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994)).

26. These implausible, inconsistent and/or contradictory reasons for termination support a finding of pretext.  Id.

## FIRST COUNT

### New Jersey Law Against Discrimination
### Age Discrimination

27. Plaintiff repeats and re-alleges each and every allegation of the within paragraphs of this complaint as if set forth at length herein.

28. Plaintiff Rosa Concepcion was a member of a protected class under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD"), in that she was 63 at the time of her termination.

29. Defendant is an "employer" as defined under the LAD.

30. Plaintiff's employment with defendant was terminated on account of her age in violation of the LAD.

31. Plaintiff was treated differently than younger employees due to her age in violation of the LAD.

WHEREFORE, plaintiff, Rosa Concepcion, demands judgment against defendants, SILVER LINE BUILDING PRODUCTS, LLC; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their

present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown), jointly and severally for harm suffered as a result of defendants' age discrimination in violation of the LAD as follows:

 (a) full compensation with back pay and benefits with full remuneration, with interest;

 (b) full compensation for front pay benefits with full remuneration, with interest;

 (c) compensatory damages;

 (d) consequential damages;

 (e) punitive damages;

 (f) pre-judgment interest;

 (g) her attorneys' fees and costs with appropriate enhancement under <u>Rendine v. Pantzer</u>, 141 <u>N.J.</u> 292 (1995);

and

 (h) such other relief as may be available pursuant to the LAD in which this court deems to be just and equitable.

## SECOND COUNT

**New Jersey Law Against Discrimination**
**Disability Discrimination/Perceived Disability Discrimination/Failure to Accommodate**

32. Plaintiff hereby incorporates each and every allegation of the within paragraphs of this Complaint as if they were fully set forth at length herein.

33. Plaintiff suffered from a recognized handicap/disability under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD"), in that she suffered from injuries to her neck, back and shoulder, requiring medical treatment, a medical leave and/or light duty

accommodations.

34. Plaintiff suffered adverse employment action and was terminated on account of her disability in violation of the LAD.

35. Plaintiff was terminated on account of a perception by her employer that she was disabled in violation of the LAD.

36. Plaintiff was unlawfully discriminated against based on the perception of the defendant that she was unable to perform the essential functions of her job. Said conduct also violates the LAD.

37. Defendant also failed to accommodate plaintiff's disability by failing to provide light duty work and by terminating her employment. Defendant also failed to engage plaintiff in the interactive process as to these reasonable accommodations.

38. Plaintiff has been severely injured as a result of such discrimination that she has suffered, and continues to suffer, severe emotional distress, humiliation, embarrassment, anguish, physical and bodily injuries, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE, plaintiff, Rosa Concepcion, demands judgment against defendants, SILVER LINE BUILDING PRODUCTS, LLC; JANE DOE I-V (these names being fictitious as their present identities are unknown); JOHN DOE I-V (these names being fictitious as their present identities are unknown); XYZ CORPORATION I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' handicap and/or perceived handicap discrimination/failure to accommodate as follows:

      a.      compensatory damages;

      b.      consequential damages;

      c.      punitive damages;

      d.      her attorneys' fees with appropriate enhancement under <u>Rendine v. Pantzer</u>, 141 <u>N.J.</u> 292 (1995);

      e.      costs of suit;

      f.      interest; and

      g.      such other relief the court may deem equitable and just.

## THIRD COUNT

### Workers' Compensation Retaliation

39. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

40. By terminating plaintiff in anticipation of or upon her filing of a workers' compensation claim, the defendants unlawfully retaliated against plaintiff for her exercise or potential exercise of her rights under Workers' Compensation Law.

41. Plaintiff was discriminated against by defendants for her exercise or potential exercise of workers' compensation rights.

42. Plaintiff has been severely injured as a result of defendant's Workers' Compensation retaliation/discrimination in that she has suffered, and continues to suffer, severe emotional distress, humiliation, physical and bodily injuries, embarrassment, anguish, personal hardship, career and social disruption, psychological and emotional harm, economic losses, lost employment opportunities, and other such damages.

WHEREFORE plaintiff, Rosa Concepcion, demands judgment against defendants,

SILVER LINE BUILDING PRODUCTS, LLC; Jane Doe I-V (these names being fictitious as their present identities are unknown), John Doe I-V (these names being fictitious as their present identities are unknown) and XYZ Corporation I-V (these names being fictitious as their present identities are unknown), jointly and severally, for harm suffered as a result of defendants' Workers' Compensation retaliation/discrimination as follows:

    (a)    full compensation for back pay and benefits with full remuneration, with interest;

    (b)    full compensation for front pay and benefits with full remuneration, with interest;

    (c)    compensatory damages;

    (d)    consequential damages;

    (e)    punitive damages;

    (f)    pre-judgment interest;

    (g)    her attorneys' fees and costs with appropriate enhancement under Rendine v. Pantzer, 141 N.J. 292 (1995); and

    (h)    such other relief the court may deem equitable and just.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiff

By:__/s/ Gregory Noble_____
GREGORY B. NOBLE

Dated: June 16, 2022

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues.

O'CONNOR, PARSONS, LANE & NOBLE, LLC
Attorneys for Plaintiff

By:__/s/ Gregory Noble_____
GREGORY B. NOBLE

DATED:  June 16, 2022

**DESIGNATION OF TRIAL COUNSEL**

Please take notice that pursuant to Rule 4:25-4, Gregory B. Noble, Esq. is hereby designated as trial counsel in the within matter.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

The undersigned, Gregory B. Noble, certifies on behalf of the plaintiff as follows:

1. I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named plaintiff in the subject action.

2. The matter in controversy in this case is not, to my knowledge, the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

3. There are no other parties who should be joined in this action that we are aware of at the present time.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                            O'CONNOR, PARSONS, LANE & NOBLE, LLC
                                        Attorneys for Plaintiff


                            By: _/s/ *Gregory Noble*_____
                                  GREGORY B. NOBLE

DATED:  June 16, 2022