**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA CONCEPCION,<br><br>                  Plaintiff,<br><br>v.<br><br>SILVER LINE BUILDING PRODUCTS, LLC,<br><br>                  Defendant. | Civil Action No. 21-17920 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Silver Line Building Products, LLC's ("Silver Line") Motion to Dismiss (ECF No. 18) Plaintiff Rosa Concepcion's ("Concepcion") Amended Complaint (ECF No. 17) under Federal Rule of Civil Procedure 12(b)(6). Concepcion opposed (ECF No. 20), and Silver Line replied (ECF No. 21). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Silver Line's Motion to Dismiss.

**I.      BACKGROUND**

This case arises from a September 20, 2019, incident involving Concepcion, a sixty-three-year-old woman employed at Silver Line for over twenty years, and Ramon, a forty-year-old coworker with three years of work experience at Silver Line ("Ramon"). (Am. Compl. ¶¶ 5, 9, 21, ECF No. 17.) Concepcion was waiting to punch out of work when Ramon cut her in line. (*Id.* at ¶ 9.) Concepcion asked Ramon why he cut her, and the situation escalated when he became agitated and grabbed her left arm, squeezing it tightly. (*Id.* at ¶ 10.) Concepcion and

Ramon began yelling at one another, and Ramon called Concepcion a "fresh old woman." (*Id.* at ¶¶ 11-12.) Concepcion's supervisor was present during this incident. (*Id.* at ¶ 13.)

Concepcion reported this incident to Human Resources (HR) and showed them her injuries, including a left-shoulder sprain and multiple disc herniations.[1] (*Id.* at ¶¶ 14, 16-18.) HR then allegedly asked for Concepcion's badge, suspending her pending an investigation of the matter. (*Id.* at ¶ 19.) On September 30, 2019, HR called Concepcion and notified her that she was terminated due to her involvement in this incident. (*Id.* at ¶ 20.) The Amended Complaint does not provide any further details regarding what happened between Concepcion's initial meeting with HR and her termination. Ramon, however, was not terminated. (*Id.* at ¶ 21.) Concepcion alleges that her job responsibilities were assumed by younger employees. (*Id.* at ¶ 24.) Concepcion filed a workers' compensation claim related to the injuries she suffered, although the timing of the filing is unclear. (*Id.* at ¶ 15.)

On August 26, 2021, Concepcion initiated an action in the Superior Court of New Jersey, Middlesex County. *See Concepcion v. Silver Line Bldg. Prods., LLC*, No. 5052-21 (N.J. Super. Ct. Law Div. 2021); (Notice of Removal ¶ 1, ECF No. 1). Silver Line removed the action based on diversity jurisdiction. (Notice of Removal ¶¶ 4-8.) Silver Line moved to dismiss (ECF No. 5), and the Court granted dismissal on May 31, 2022 ("May Dismissal") (Mem. Op. ECF No. 15).[2] On June 16, 2022, Concepcion filed an Amended Complaint. (ECF No. 17.) The Amended Complaint alleges three counts: (1) age discrimination in violation of the New Jersey Law Against

---

[1] The Amended Complaint does not specify the date of this meeting, but it was presumably prior to Concepcion's termination on September 30, 2019. (Am. Compl. ¶ 20.)

[2] In its May Dismissal, the Court requested that Silver Line appropriately demonstrate citizenship as an LLC and not as a corporation. (May Dismissal 1 n.1.) Silver Line identified its sole member as "Ply Gem Industries, Inc.," a Delaware corporation. (Def.'s Moving Br. 1 n.1, ECF No. 18-1.) Diversity jurisdiction, accordingly, remains.

Discrimination ("NJLAD") (Am. Compl. ¶¶ 27-31); (2) discrimination based on a disability or perceived disability (*Id.* at ¶¶ 32-38); and (3) workers' compensation retaliation (*Id.* at ¶¶ 39-42). Silver Line now seeks to dismiss all counts. (Def.'s Moving Br. 5, ECF No. 18.)

## II.   LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation and internal quotation omitted). The court, however, may disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   DISCUSSION

Silver Line moves to dismiss all three counts, asserting that Concepcion has failed to address many of the deficiencies from the original Complaint. The Court addresses each claim below.

### A.     Concepcion Fails to Sufficiently Plead Age Discrimination.

Concepcion claims that Silver Line's decision to terminate her employment was premised on age discrimination in violation of the NJLAD. (Am. Compl. ¶¶ 27-31.) To state a claim, Concepcion must adequately allege "(1) that she belongs to a protected class, (2) that she was qualified for the position held, (3) that she was terminated despite adequate qualifications, and (4) a logical basis on which to find that [Silver Line's] decision to terminate her was affected significantly by her age." *Arenas v. L'Oreal USA Prods., Inc.*, 790 F. Supp. 2d 230, 236 (D.N.J. 2011). The fourth element specifically questions "whether the plaintiff has established a logical reason to believe that the decision rests on a legally forbidden ground," and "not on whether the replacement is a member of the protected class." *Bergen Com. Bank v. Sisler*, 723 A.2d 944, 956 (N.J. 1999) (quoting *Murphy v. Milwaukee Area Tech. Coll.*, 976 F. Supp. 1212, 1217 (E.D. Wis. 1997)). Concepcion must meet the "slight" and "rather modest" burden of "demonstrat[ing] . . . she can meet each of the elements of the prima facie case." *Cronin v. Booz Allen Hamilton, Inc.*, No. 18-12642, 2021 WL 1712346, at *8 (D.N.J. Apr. 30, 2021) (citations omitted). Should Concepcion establish a prima facie case, the claim will proceed under the well-established *McDonnell Douglas* framework. *Id.* at *9 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973)).

Silver Line only disputes the fourth element. (Def.'s Moving Br. 7.) In the May Dismissal, the Court found no connection between Concepcion's termination and her age based on the alleged facts. (Mem. Op. 5-6 ("There are no facts pled . . . from which the Court can infer that Silver Line endorsed Ramon's age-related comment or that [Silver Line] factored it into Concepcion's termination.").) Concepcion's Amended Complaint still falls short.

4

Concepcion provides two additional allegations in her Amended Complaint: (1) two other employees in their sixties were terminated around the same time as her; and (2) her job responsibilities were assumed by a younger employee. (Am. Compl. ¶¶ 23-24.) These facts are insufficient for the Court to conclude that Concepcion's termination was based on her protected status. *E.g.*, *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 81 n.5, 84 (3d Cir. 2019) ("Standing alone, [the plaintiff's] allegation that twelve other 'older workers' resigned or were terminated within a year of her termination does not give rise to an inference that either their or her separations were the result of age discrimination" because "[a]mong other things . . . there is no allegation [that the same decision maker] played a role in their departures."); *see also Hassell v. Johnson & Johnson*, No. 13-4109, 2014 WL 1744266, at *5 (D.N.J. May 1, 2014) ("By merely stating that the positions went to 'primarily younger' employees, [p]laintiff is asking the Court to take a [conclusory] statement and draw an inference that [d]efendant's hiring decision was discriminatory."). Here, Plaintiff still does not allege sufficient facts from which the Court can find that the Amended Complaint sufficiently alleges age discrimination. For example, Plaintiff does not raise facts regarding the size of the company, whether Plaintiff worked in the same unit or section as the two other terminated employees in their 60s, or whether the same decision maker played a role in the termination of the two other employees. To find in Concepcion's favor, the Court would have to rely on conclusory statements and speculation, which it cannot do. (*See, e.g.*, Am. Compl. ¶ 30 ("[Concepcion's] employment with [Silver Line] was terminated on account of her age in violation of the [NJ]LAD.").)

After two bites at the apple, Concepcion has failed to adequately allege a causal link between her age and her termination. The Court, therefore, dismisses this claim.

### B. Concepcion Fails to Sufficiently Plead Disability Discrimination.

Next, the Court considers Concepcion's claim that Silver Line's decision to terminate her employment was improperly based on her disability or perceived disability.[3] (Am. Compl. ¶¶ 32-38.) Concepcion may adequately allege disability discrimination under the NJLAD in two ways: directly or indirectly. *See Grande v. Saint Clare's Health Sys.*, 164 A.3d 1030, 1038 (N.J. 2017). To establish a claim through direct evidence, Concepcion must provide facts that logically give rise to an inference that Silver Line "placed substantial reliance on a proscribed discriminatory factor in making its decision to terminate [her]." *Id.* (citing *Smith v. Millville Rescue Squad*, 139 A.3d 1, 13 (N.J. 2016)). To establish a claim through indirect evidence, Concepcion must allege that (1) she is disabled or perceived to be disabled;[4] (2) she "was otherwise qualified and performing the essential functions of the job"; (3) she was terminated; and (4) Silver Line "thereafter sought similarly qualified individuals for the job who were not members of [her] protected class." *Taylor v. Lincare, Inc.*, No. 15-6284, 2016 WL 3849852, at *3 (D.N.J. July 15, 2016) (quoting *Joseph v. N.J. Transit Rail Operations Inc.*, 586 F. App'x 890, 892 (3d Cir. 2014)).

Silver Line's principal issue with Concepcion's Amended Complaint is that it fails to demonstrate any relationship between her disability and her termination. (*See* Def.'s Moving Br. 12-13.) Silver Line couches its argument in two separate buckets. First, Silver Line argues that it was not on notice of Concepcion's disability. (Def.'s Moving Br. 14; Def.'s Reply Br. 7.) Second,

---

[3] Concepcion largely abandons her failure-to-accommodate claim by failing to assert any information related to several key elements of the claim, such as Silver Line's awareness of her need for accommodation or Silver Line's unwillingness to provide such accommodation. (*See generally* Am. Compl.; *see also Royster v. N.J. State Police*, 152 A.3d 900, 910 (N.J. 2017).) The Court, therefore, dismisses this claim.

[4] In its May Dismissal, the Court determined that the pleadings sufficiently demonstrated disability for the sake of the immediate motion. *Concepcion*, 2022 WL 1748064, at *4 n.6.

Silver Line asserts that Concepcion failed to satisfy the fourth element by not alleging that Silver Line hired a non-disabled worker to replace her. (Def.'s Moving Br. 12-13.)

To begin, Silver Line contends that it was not on notice of Concepcion's injuries. A lack of notice related to an employee's medical disability forecloses the notion that an employer sought to replace an employee primarily based on the employee's status as a disabled person. *See Rich v. State*, 294 F. Supp. 3d 266, 280 (D.N.J. 2018) (finding that an adverse employment action could not have been related to plaintiff's disability when defendants were not made aware of this disability until two years after termination). In its May Dismissal, the Court determined that the original Complaint did not include sufficient facts to demonstrate such notice. *Concepcion*, 2022 WL 1748064, at *4.

The Amended Complaint only provides two new allegations to try to tip the scales in Concepcion's favor. First, Concepcion alleges that she filed a workers' compensation claim related to the injuries. (Am. Compl. ¶ 15.) This fact alone, however, it still insufficient. There are no facts alleging that Concepcion filed this claim prior to her initial suspension or her September 30th termination. (*See id.* at ¶¶ 15-20.) And even if the workers' compensation claim was filed prior to Concepcion's termination, there are no facts alleging that Silver Line was aware of it before Concepcion was terminated. (*Id.*) Without these additional factual allegations, Concepcion is asking the Court to speculate, which it cannot do.

Second, in an effort to address the notice issue, Concepcion alleges that she showed HR the injuries she suffered due to the confrontation with Ramon. (*Id.* at ¶ 17.) This allegation is also insufficient. Concepcion merely says that she "showed" HR her injuries, described as a left shoulder sprain and multiple disc herniations in her neck and back. (*Id.* at ¶¶ 14, 17.) She does not detail how she showed them, whether it be by her own description or medical records. Simply put,

Concepcion does not provide sufficient allegations to demonstrate that Silver Line was put on notice of her injuries. And even if the Court assumes that Concepcion had a medical condition, this is insufficient to establish that Silver Line was on notice of a disability. *Linder v. McKesson Corp.*, No. 14-1821, 2014 WL 2587501, at *3 (D.N.J. June 10, 2014) ("Even under the very generous and broad scope of the NJLAD, simply having a 'medical condition' does not notify an employer of a disability."). The facts pleaded do not support an inference that Silver Line was aware that Concepcion had injuries that would amount to a disability. The Court, accordingly, finds that the Amended Complaint is insufficient to establish notice.

Silver Line also contends that Concepcion fails to establish the fourth element by inadequately alleging that Silver Line hired non-disabled employees to replace her. (Def.'s Moving Br. 12-13.) Concepcion, indeed, only alleges bare and conclusory statements such as: "[R]etaining a younger, non-disabled employee who was more culpable, constitutes disparate treatment"; and "Concepcion's job responsibilities were assumed by a younger employee outside of her protected categories." (Am. Compl. ¶¶ 22, 24). Concepcion does not allege any facts that would indicate a connection between her disability and her termination. Based on the Amended Complaint's factual allegations, the Court cannot make a reasonable inference of discrimination.

Concepcion fails to move the needle with her Amended Complaint. The Court, accordingly, dismisses this claim.

    **C.**    **Concepcion Fails to Sufficiently Plead Workers' Compensation Retaliation.**

Finally, the Court will consider Concepcion's claim that her termination was an act of retaliation for exercising her rights under workers' compensation law. (Am. Compl. ¶¶ 39-42.) Under New Jersey law, "to make a *prima facie* case for a retaliatory discharge the employee must prove: (1) that [s]he made or attempted to make a claim for workers' compensation; and (2) that

[s]he was discharged in retaliation for making that claim." *Galante v. Sandoz, Inc.*, 470 A.2d 45, 47 (N.J. Super. Ct. Law Div. 1983) (citing *Lally v. Copygraphics*, 413 A.2d 960, 964 (N.J. Super. Ct. App. Div. 1980)); *see also Mallon v. Prudential Prop. & Cas. Ins. Co.*, 688 F. Supp. 997, 1011 (D.N.J. 1988) (applying the same standard). The law was designed to deter "[t]he ability of an employer to chill the employee's exercise of [her] rights under the workers' compensation scheme through retaliatory discrimination." *Galante*, 470 A.2d at 48.

Again, Concepcion has failed to plead a sufficient factual basis to state a claim. Concepcion included an allegation in her Amended Complaint that she filed a workers' compensation claim, however, she goes no further. (See Am. Compl. ¶ 15.) The Amended Complaint fails to indicate when the workers' compensation claim was filed, and therefore it is unclear if a valid claim existed when Concepcion was terminated. (*Id.*) The Court will therefore dismiss this claim.

## IV.     CONCLUSION

For the above reasons, the Court grants Silver Line's Motion to Dismiss Concepcion's Amended Complaint. The Court will enter an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE